IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TAMMY DIANE SALLS, as guardian ad
litem for Stephanie Ann Salls and William
Richard Salls, CHERYL FRANK, as
guardian ad litem for Trisha Rose Salls, and
KIMBERLY PEPPER, as Next of Kin of
Richard William Salls (Deceased),

    Plaintiffs,

v.                                                                         No. 06-2137 B

CONSOLIDATED PIPE AND SUPPLY,
INC., UNITED STATES PIPE AND
FOUNDRY COMPANY, INC., C & B
PIPING, INC., and HILL-HOFFMAN
CONSTRUCTION, LLC,

    Defendants.

_____

ORDER OF DISMISSAL WITH PREJUDICE
_____

    The Plaintiff, Tammy Diane Salls, brought this action as the representative of the two minor children of the decedent, Richard William Salls, against the Defendants, Consolidated Pipe and Supply, Inc., United States Pipe and Foundry Company, Inc., C&B Piping, Inc., and Hill-Hoffman Construction, Inc. alleging that the Defendants' negligence resulted in the wrongful death of the decedent. On April 17, 2006, Defendant Consolidated Pipe and Supply, Inc. filed a motion for summary judgment. After the deadline passed with no response from the Plaintiff, this Court entered an order on May 30, 2006, directing Salls to show cause why her claims should not be dismissed for failure to prosecute. (Order to Show Cause at 1).

    On May 31, 2006, the Plaintiff responded stating that she was "currently drafting and

circulating a . . . stipulation [of dismissal] for Consolidated Pipe and Supply, Inc. and will file that notice soon." According to the Court's docket, the Plaintiff has failed to file the notice of dismissal.

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S. Ct. 178 (1997).

The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the

party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that her failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, as outlined above, the Plaintiff has failed to file a stipulation of dismissal as promised in her response to this Court's show cause order. Clearly, the necessity of monitoring a case that the Plaintiff has dilatorily permitted to languish works some hardship on the Defendant. The Court finds that no sanction short of dismissal will cure the Plaintiff's failure to prosecute this matter. Based on the foregoing, the Plaintiff's lawsuit against Consolidated Pipe and Supply, Inc. is DISMISSED with prejudice.

IT IS SO ORDERED this 6th day of March, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE