IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TAMMY DIANE SALLS, as guardian ad
litem for Stephanie Ann Salls and William
Richard Salls, CHERYL FRANK, as
guardian ad litem for Trisha Rose Salls, and
KIMBERLY PEPPER, as Next of Kin of
Richard William Salls (Deceased),

    Plaintiffs,

v.                                                                   No. 06-2137 B

CONSOLIDATED PIPE AND SUPPLY,
INC., UNITED STATES PIPE AND
FOUNDRY COMPANY, INC., C & B
PIPING, INC., and HILL-HOFFMAN
CONSTRUCTION, LLC,

    Defendants.

_____

ORDER OF DISMISSAL WITH PREJUDICE OF HILL-HOFFMAN CONSTRUCTION,
LLC'S CROSS-CLAIM AGAINST CONSOLIDATED PIPE AND SUPPLY INC.
_____

        The cross-Plaintiff, Hill-Hoffman Construction, LLC ("Hill-Hoffman"), sued the cross-Defendant, Consolidated Pipe and Supply, Inc. ("Consolidated"), under a theory of contractual indemnification. On August 14, 2006, the cross-Defendant moved for summary judgment. After the deadline passed with no response from the cross-Plaintiff, this Court entered an order on March 7, 2007, directing Hill-Hoffman to show cause why its claims against Consolidated should not be dismissed for failure to prosecute. (Order to Show Cause at 1-2). In its order, the Court instructed Hill-Hoffman to respond within eleven days of the entry thereof, admonishing it that failure to comply with the order could result in dismissal of its claims with prejudice. According to the Court's docket, the cross-Plaintiff failed to respond within the time specified by the Court.

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id.  The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted).  The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.  The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386 (1962).  District courts are permitted substantial discretion in determining whether dismissal is appropriate.  Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S. Ct. 178 (1997).

The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether dismissal for failure to prosecute is warranted:  (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was

ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that its failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, as outlined above, the cross-Plaintiff has failed to respond to both the cross-Defendant's motion and the Court's show cause order. Clearly, the necessity of monitoring a case that Hill-Hoffman has dilatorily permitted to languish works some hardship on Consolidated. In addition, the cross-Plaintiff was cautioned by the Court's order of March 7, 2007, concerning the ramifications of a failure to comply with the show cause order. Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the cross-Plaintiff's failure to prosecute this matter. Based on the foregoing, Hill-Hoffman's cross-claim against Consolidated is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 22nd day of March, 2007.

                                               s/ J. DANIEL BREEN
                                               UNITED STATES DISTRICT JUDGE